## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **JUSTIN LENTINI** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.** |
| | § | |
| **SODEXO, INC.** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW**, Plaintiff Justin Lentini ("Plaintiff") complaining of and Sodexo America, LLC ("Defendant") and for his causes of action would show unto the Court that this is an action brought under Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, the Americans with Disabilities Act ("ADA") as amended (42 U.S.C. §12101 *et. seq.*), and the Texas Commission on Human Rights Act (TCHRA), Tex. Lab. Code § 21.051:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable by a jury.

2. Plaintiff files this Complaint and complains about violations of Title VII, the ADA, and the Texas Labor Code.

### PARTIES

3. Plaintiff is an individual residing in Galveston, Texas.

4. Defendant is a corporation authorized to do business in the State of Texas and may be served by mail or in person on its registered agent, Corporate Creations Network, Inc. at 5444 Westheimer #1000, Houston, Texas 77056.

### VENUE

5.  Venue is appropriate in the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. § 1391(b).

## JURISDICTION

6.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

7.  This Court has supplemental jurisdiction of this action pursuant to 28 U.S.C. § 1367(a).

8.  The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

9.  Plaintiff filed his Charge of Discrimination on October 11, 2022. Charge No. 460-2023-00415.

10. On July 14, 2023, Plaintiff received a Notice of Right to Sue.

11. Plaintiff is filing this Complaint before the expiration of the statutory 90-day deadline.

## FACTS

12. Plaintiff began working for Sodexo (hereinafter "Defendant") on May 3, 2021.

13. Plaintiff was a part-time employee for Defendant.

14. When Plaintiff applied for the position with Defendant, he did not mark that he had a disability because it was voluntary and he did not want it to interfere with him getting an interview.

15. To Plaintiff's relief, he secured an interview. During Plaintiff's first day of work with Defendant, he informed Defendant of his disabilities: mainly high blood pressure, partial deafness, Menieres Disease, and vertigo.

16. Plaintiff worked as a Dishwasher/Food Service worker for Defendant.

17. Plaintiff was responsible for preparing food trays for the prisoners at the Texas Department of Corrections as well as delivering food for emergency room patients at the Jeannie Sealy Hospital in Galveston, Texas.

18. In January 2022, Sodexo provided a raise to its employees.

19. I was not given a raise due to my felon status. However, this is pretext because they provided a raise to Veronica who also has a felony in her background.

20. I was supposed to be making $12.50/hour, but it stayed the same until May 2022. When they provided me a raise around May 2022, I was only given a raise to $12.42, not the $12.50 everyone else was given.

21. Due to Plaintiff's disabilities and the time restraints of the kitchen, Plaintiff was told by management to get additional supplies from the other food line instead of going all the way to the storeroom.

22. Supervisors had informed the other team members that Mr. Lentini can do this so he can get his trays out timely.

23. Nevertheless, Ms. Kayla Kennedy, who had always been hostile to Mr. Lentini, did not comply with this order from management and continued to be hostile to Mr. Lentini.

24. On July 28, 2022, I went into work at 6 a.m. per usual. Due to food shortages, I needed to get food from another line. Kayla Kennedy, a person I have complained about to Human Resources on various occasions for creating a hostile work environment, began to harass me.

25. I had to get a supervisor involved, but the harassment didn't stop. Twice, Kayla called me a dumb motherfucker and it resulted in the Executive Chef restraining her and taking her into the General Manager's office.

26. This attack from her caused my vertigo and blood pressure to elevate. I finished my morning duties and clocked out.

27. I asked Veronica to cover my lunch shift and she said she would.

28. I went to human resources, but no one was in there. When I walked out of human resources, I saw Assistant General Manager Glenn. I told him what happened and that I needed to go home for the day. I went home.

29. Due to my blood pressure being high and my vertigo being triggered, I had to walk home as it was unsafe to ride my bike.

30. On my following workdays, I called the Sodexo's call line to call out from work due to my Vertigo and Blood Pressure remaining highly elevated.

31. On or about August 1, 2022, I called Sodexo Worldwide's headquarters to complain about the hostile work environment and discrimination I was facing.

32. I had complained to the local human resources department numerous times about the hostile work environment and discrimination.

33. I complained to Cynthia, who was the Head of Human Resources at our location.

34. On multiple occasions, co-workers would yell at me, despite knowing I'm deaf.

35. Additionally, I was grabbed and yanked on and hit by my co-workers when they wanted my attention.

36. A co-worker we called "Chic-Chic" would yell at me and would grab me to get my attention.

37. Other co-workers would slam on the tables or kitchenware to get my attention.

38. I informed co-workers that these attempts to get my attention only caused me stress and was aggressive.

39. On January 29, 2022, Ms. Kennedy was screaming at me and caused me to go to the Emergency Room where it was found that my blood pressure was extremely high.

40. Lastly, I was threatened with physical violence by Unique (last name unknown) when she threatened to kick my ass.

41. On August 2, 2022, Daniel, my immediate supervisor informed me that I had been terminated for going above the local human resources team and calling People Center.

42. Mr. Juarez informed me that management was upset about my constant complaints of discrimination as well as for calling People Center regarding the hostile work environment and discrimination and made the decision to terminate me.

43. On or about September 9, 2022, Sodexo informed me that there had been many violations, however, they said that I voluntarily resigned, despite having already terminated me.

## COUNT I: DISABILITY DISCRIMINATION UNDER ADA

44. Plaintiff re-alleges and incorporates into Count I, paragraphs 1-37.

45. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADA, as amended, and directly discriminated against Plaintiff because of his disabilities, by terminating him based on his disabilities.

46. Plaintiff was qualified for his position at all times during his employment.

47. Defendant, by and through its agents, maintained a policy hostile towards Plaintiff's disabilities, in violation of the foregoing statutes against Plaintiff.

48. Defendant, by and through its agents were aware of Plaintiff's disabilities.

49. Defendant, by and through its agents, wrongfully terminated Plaintiff based on his disabilities in violation of the Americans with Disabilities Act.

## COUNT II: DISABILITY DISCRIMINATION UNDER CHAPTER 21 OF TEXAS LABOR CODE

50. Plaintiff re-alleges and incorporates into Count II, paragraphs 1-43.

51. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Chapter 21 of the Texas Labor Code, and directly discriminated against Plaintiff because of his disabilities, by terminating him based on his disabilities.

52. Plaintiff was qualified for his position at all times during his employment.

53. Defendant, by and through its agents, maintained a policy hostile towards Plaintiff's disabilities, in violation of the foregoing statutes against Plaintiff.

54. Defendant, by and through its agents were aware of Plaintiff's disabilities.

55. Defendant, by and through its agents, wrongfully terminated Plaintiff based on his disabilities in violation of the Americans with Disabilities Act.

## COUNT III: GENDER DISCRIMINATION UNDER TITLE VII

56. Plaintiff re-alleges and incorporates into Count III, paragraphs 1-49.

57. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII.

58. Defendant, by and through its agents and employees, have maintained a policy of gender discrimination in violation of the foregoing statute against Plaintiff.

59. If Plaintiff was not male, he would not have been subjected to discriminatory treatment and would not have been denied a raise in January 2022.

## COUNT IV: GENDER DISCRIMINATION UNDER CHAPTER 21 OF TEXAS LABOR CODE

60. Plaintiff re-alleges and incorporates into Count IV, paragraphs 1-53.

61. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Chapter 21 of the Texas Labor Code.

62. Defendant, by and through its agents and employees, have maintained a policy of gender discrimination in violation of the foregoing statute against Plaintiff.

63. If Plaintiff was not male, he would not have been subjected to discriminatory treatment and would not have been denied a raise in January 2022.

## COUNT V: HOSTILE WORK ENVIRONMENT UNDER TITLE VII

64. Plaintiff re-alleges and incorporates into Count V, paragraphs 1-57.

65. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII, and directly failed to protect Plaintiff from a hostile work environment.

66. Defendant, by and through its agents, have maintained a hostile work environment in violation of the foregoing statute against Plaintiff.

67. Defendant's actions, by and through its agents, are so severe and pervasive, it altered Plaintiff's terms, conditions, and privileges of employment.

68. Defendant was aware or should have known of the harassing policies and practices as well as their implementation.

69. Defendant failed to protect Plaintiff from a hostile work environment by failing to take prompt remedial action to protect Plaintiff from disability harassment.

## COUNT VI: HOSTILE WORK ENVIRONMENT UNDER CHAPTER 21 OF TEXAS LABOR CODE

70. Plaintiff re-alleges and incorporates into Count VI, paragraphs 1-63.

71. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Chapter 21, and directly failed to protect Plaintiff from a hostile work environment.

72. Defendant, by and through its agents, have maintained a hostile work environment in violation of the foregoing statute against Plaintiff.

73. Defendant's actions, by and through its agents, are so severe and pervasive, it altered Plaintiff's terms, conditions, and privileges of employment.

74. Defendant was aware or should have known of the harassing policies and practices as well as their implementation.

75. Defendant failed to protect Plaintiff from a hostile work environment by failing to take prompt remedial action to protect Plaintiff from disability harassment.

## COUNT VII: RETALIATION UNDER TITLE VII

76. Plaintiff re-alleges and incorporates into Count VII, paragraphs 1-69.

77. Title VII prohibits employers from retaliating against employees for opposing the unlawful employment practices of disability discrimination or hostile work environment; for assisting or participating in an investigation of such unlawful employment practices; or for making a Charge against such unlawful employment practices.

78. Plaintiff participated in protected activities multiple times throughout his employment, but especially On August 1, 2022.

79. Defendants, by and through their agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e *et seq.*

80. Defendants retaliated and discriminated against Plaintiff by firing him based on his prior complaints of discrimination and hostile work environment and his last complaint on August 1, 2022.

81. Had Plaintiff not previously complained about disability discrimination and a hostile work environment multiple times, or called the People Center, he would not have been terminated by Defendant.

82. As a direct and proximate result of the Defendants' conduct that violated 42 U.S.C. §2000e *et seq.*, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

83. Defendants' actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendants were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## COUNT VIII: RETALIATION UNDER CHAPTER 21 OF TEXAS LABOR CODE

84. Plaintiff re-alleges and incorporates into Count VIII, paragraphs 1-77.

85. Chapter 21 prohibits employers from retaliating against employees for opposing the unlawful employment practices of disability discrimination or hostile work environment;

for assisting or participating in an investigation of such unlawful employment practices; or for making a Charge against such unlawful employment practices.

86. Plaintiff participated in protected activities multiple times throughout his employment, but especially On August 1, 2022.

87. Defendants, by and through their agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by Chapter 21.

88. Defendants retaliated and discriminated against Plaintiff by firing him based on his prior complaints of discrimination and hostile work environment and his last complaint on August 1, 2022.

89. Had Plaintiff not previously complained about disability discrimination and a hostile work environment multiple times, or called the People Center, he would not have been terminated by Defendant.

90. As a direct and proximate result of the Defendants' conduct that violated Chapter 21, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

91. Defendants' actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendants were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

**DAMAGES:**

92. Plaintiff requests the court to award him damages for the appropriate back pay with pre- and-post judgment interest in the amounts to be determined at trial.

93. Plaintiff requests the court to award him damages for future pay for the appropriate front pay in the amounts to be determined at trial.

94. Plaintiff requests the court to award him damages for lost employment benefits as a result of Defendant's violation of Title VII and Chapter 21 of the Texas Labor Code.

95. Plaintiff requests the court to award him punitive damages.

96. Plaintiff requests the court to award him any and all equitable relief as may be appropriate.

97. Plaintiff requests the court to award him any and all costs of the action to be paid by Defendant.

98. Plaintiff requests the Court to grant such further relief as the Court deems necessary and proper.

## ATTORNEY'S FEES

99. Plaintiff has incurred and continues to accrue attorney's fees and costs in bringing this action by retaining the services of Stephen Rollins of Rollins Law, PLLC. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

100.        Plaintiff demands a jury trial for all issues triable by a jury.

## PRAYER

101.        Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the relief afforded to him as requested in this Complaint.

Date: August 28, 2023

Respectfully submitted,

**ROLLINS LAW, PLLC**

_/s/Stephen Rollins_
Stephen Rollins
S.D. Texas No: 3678193
Texas Bar No. 24123112
E-mail: rollinslawfirm@gmail.com
Rollins Law, PLLC
P.O. Box 30052
Houston, Texas 77249
Telephone: 832-303-9187
***ATTORNEY FOR PLAINTIFF***